## Oliver P. Barber v. The City of Saginaw.

*Charter of Saginaw City: Director of the poor: Employment of physician: Surgical operation.* The director of the poor under the charter of Saginaw City (whose powers, duties and liabilities are by express reference limited to those of like officers in townships) has no authority to bind the city by the employment of a physician to perform a surgical operation upon a pauper of the city at an agreed price of fifty dollars.

*Heard April 13.    Decided April 18*

Error to Saginaw Circuit.

*N. S. Wood,* for plaintiff in error.

*D. P. Foote,* for defendant in error.

GRAVES, J :

The plaintiff in error performed a surgical operation on a pauper of the city at the request of the director of the

poor, and when the director made the request it was agreed between him and the plaintiff in error that the city should pay the plaintiff in error for his service the sum of fifty dollars. The city denied the authority of the director to impose the liability, there being at the time another person holding the position of physician for the city under resolution of the common council and a special agreement between that person and the city. Doctor Barber having sued the city to recover on the employment and agreement of the director, the city set up the want of power in the director, and the court sustained the point and gave judgment for the city. We are now asked to reverse this ruling on writ of error. There is doubt whether the duties resting on the city physician would include a service like that rendered by the plaintiff in error, and I do not think it necessary to decide whether they would or not; because if they would not, it would not follow that the director would have discretionary authority to employ such surgical aid for paupers as he might consider proper at the expense of the city.

The charter confers power on the common council to appoint a director of the poor (§ 8), to prescribe his powers and duties (*subdivision 28, § 10*), subject to the provisions of the charter, to enlarge his "rights, powers, duties and liabilities," so far as consistency with the charter will permit (§ 56); and by § 22 declares that he shall perform the like duties, and in the same manner, and be subject to the same liabilities as directors of the poor in townships, except as otherwise provided for in the charter or by ordinance of the common council; and the only ordinance relating to his power is one passed May 13, 1857, which declares that directors of the poor of the "city of Saginaw City" shall perform in and for said "city of Saginaw City" like duties to those required to be performed by "directors of the poor in townships," except as otherwise provided by the "act to incorporate the city of Saginaw city," "and as may be provided by the by-laws and ordinances of the common council." From this summary it will appear that the

director of the poor is an appointee of the common council, and that the powers belonging to township directors are referred to as measuring his in case the council makes no change, and that in fact none have been made. On turning to the general laws relating to township directors there is a great deal of obscurity; but it is plain after all that there has never been any regulation which permitted those officers to incur any such liability on behalf of their townships as that sought to be enforced here, or any liability at all except for small amounts and to meet pressing temporary needs.—*Ch. 2, Pt. 1, Tit. 9, R. S. 1838; ch. 38, R. S. 1846; ch. 40, C. L. 1857; ch. 50, C. L. 1871;* and we see nothing in the charter indicating a purpose to allow the director appointed by the council to bind the city where a township director could not bind his township, independently of some regular manifestation of approval by the council. On the contrary, the charter provisions are particular in their requirements that the common council shall have control in regard to compensations to be made by the city and charges to be brought against it (§ *57*, § *10*), and also in relation to the auditing and adjusting of claims.

The right to charge the city on account of such employments and services as the plaintiff in error relies upon in this case, should be supported by some clear warrant of authority from the common council, or some act of ratification. If the power was inherent in the office of director his act would bind without any thing further. But it is not. The law has vested in the council the right to create such liabilities, and the city cannot be bound unless through the action of that body by ordinance, resolution or otherwise.

The ruling of the court below on this point was correct, and as a consequence the plaintiff was not entitled to recover, and the judgment should be affirmed, with costs.

The other Justices concurred.